JUDGE MARRERO

12 CIV 1726

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DAVID LEAPARD and IMF FINANCE SA on their own behalf and on behalf of all others similarly situated, | Case No.: _____ |
| Plaintiffs, | |
| v. | (Removed from the Supreme Court of the State of New York, County of New York, Index No. 650258/2012) |
| ALLEN T.Y. CHAN, DAVID J. HORSLEY, KAI KIT POON, BANC OF AMERICA SECURITIES LLC, CREDIT SUISSE SECURITIES (USA) LLC, SINO-FOREST CORPORATION, ERNST & YOUNG GLOBAL LIMITED, and ERNST & YOUNG LLP, | **NOTICE OF REMOVAL** |
| Defendants. | |

MAR 8 2012
U.S.D.C. S.D.N.Y.
CASHIERS

SHEARMAN & STERLING LLP
Adam S. Hakki
Jaculin Aaron
Brian G. Burke
599 Lexington Avenue
New York, NY 10022
Tel: (212) 848-4000
Fax: (212) 848-7179

*Attorneys for Defendants Credit Suisse Securities (USA) LLC and Merrill Lynch, Pierce, Fenner & Smith Incorporated, as successor by merger to Banc of America Securities LLC*

MORRISON & FOERSTER LLP
Grant J. Esposito
Dennis P. Orr
1290 Avenue of the Americas
New York, NY 10104
Tel: (212) 468-8000
Fax: (212) 468-7900

*Attorneys for Defendant Ernst & Young LLP*

PLEASE TAKE NOTICE THAT, pursuant to 28 U.S.C. §§ 1332, 1446 and 1453, the undersigned defendants (the "Removing Defendants") hereby remove the above-captioned action (the "Action") from the Supreme Court of the State of New York, County of New York, to the United States District Court for the Southern District of New York.[1] Pursuant to 28 U.S.C. §§ 1441(a) and 1453, this Court has original jurisdiction over the Action under 28 U.S.C. § 1332(d)(2). As the basis for removal, the Removing Defendants state as follows:

1. This Court has original jurisdiction over this Action because the Action is a putative "class action" within the meaning of 28 U.S.C. § 1332(d)(1)(B) and (i) the putative class exceeds 100 members, (ii) the amount in controversy exceeds $5,000,000, and (iii) minimal diversity exists under 28 U.S.C. § 1332(d)(2).

## PROCEDURAL HISTORY AND BACKGROUND

2. On or around January 27, 2012, Plaintiffs filed a Verified Class Action Complaint (the "Complaint" or "Compl.") in the Supreme Court of the State of New York, County of New York, captioned *Leapard, et al. v. Chan, et al.*, Index No. 650258/2012.

3. On or after February 8, 2012, Plaintiffs purportedly served the summons and Complaint on defendants Credit Suisse Securities (USA) LLC and Merrill Lynch, Pierce, Fenner & Smith Incorporated, as successor by merger to Banc of America Securities LLC (together, the "Underwriter Defendants").

---

[1] The Removing Defendants appear solely for the limited purpose of removal and for no other purpose, and do not waive, and expressly reserve, all rights, claims and defenses of any nature whatsoever, including, without limitation, all defenses relating to jurisdiction, venue and arbitrability.

4. According to an affidavit of service, on or after February 8, 2012, Plaintiffs purportedly served the summons and Complaint on defendant Sino-Forest Corporation.

5. On or after February 29, 2012, Plaintiffs purportedly served the summons and Complaint on defendant Ernst & Young LLP.

6. In accordance with 28 U.S.C. § 1446(a), copies of all process, pleadings and orders served upon the Removing Defendants in the Action are attached hereto as Exhibit A.

7. The Complaint primarily alleges that Sino-Forest Corporation ("Sino-Forest") and certain of its executives engaged in a scheme to inflate artificially the price of Sino-Forest's common stock and debt securities by making materially false and misleading statements, and omitting material facts, concerning Sino-Forest's financial condition and business operations. (Compl. ¶¶ 5, 9.) The Complaint asserts common law claims of fraud, civil conspiracy to defraud, and aiding and abetting fraud against Sino-Forest and the individual defendants, and unjust enrichment against Sino-Forest, on behalf of a putative class of purchasers of Sino-Forest's common stock traded on the over-the-counter ("OTC") market, and purchasers of debt securities issued by Sino-Forest, from March 19, 2007 through August 26, 2011. (*Id.* ¶¶ 1, 107-17.)

8. The Complaint asserts common law claims of negligent misrepresentation, gross negligence, and negligence against the Underwriter Defendants based on allegedly false and misleading statements in the offering circular issued by Sino-Forest in connection with Sino-Forest's issuance of guaranteed senior notes due October 21, 2017 (the "2017 Notes"). (*Id.* ¶¶ 133-36.)

9. The Complaint also asserts common law claims of breach of fiduciary duty, negligent misrepresentation, gross negligence, and negligence against Ernst & Young Global Limited and Ernst and Young LLP based on allegedly false and misleading statements in connection with the auditing of Sino-Forest's financial statements. (*Id.* ¶¶ 118-32.)

10. The Removing Defendants' time to respond to the Complaint has not expired and no defendant has yet served or filed an answer or motion in response to the Complaint.[2]

11. Because the Removing Defendants filed this Notice of Removal within thirty days of service of the Complaint, removal is timely under 28 U.S.C. § 1446(b).

## BASIS FOR REMOVAL

**I.    Removal Under The Class Action Fairness Act Of 2005**

12. This Action may be removed to this Court under the Class Action Fairness Act of 2005 ("CAFA"), Pub. L. No. 109-2, 119 Stat. 4 (codified in relevant part at 28 U.S.C. §§ 1332(d) and 1453). CAFA confers original federal jurisdiction "over any class action involving (1) 100 or more class members, (2) an aggregate amount in controversy of at least $5,000,000, exclusive of interest and costs, and (3) minimal diversity, *i.e.*, where at least one plaintiff and one defendant are citizens of different states." *Blockbuster, Inc. v. Galeno*, 472 F.3d 53, 56 (2d Cir. 2006) (citing 28 U.S.C. §§ 1332(d)(2), (5)(b), (6)).

13. CAFA's legislative history states that "[o]verall, new section 1332(d) is intended to expand substantially federal court jurisdiction over class actions. Its

---

[2] Plaintiffs and the Underwriter Defendants entered into a stipulation extending the time to respond to the Complaint until April 5, 2012, which is attached hereto as Exhibit B.

provisions should be read broadly, with a strong preference that interstate class actions should be heard in a federal court if properly removed by any defendant." S. Rep. No. 109-14, at 27, *reprinted in* 2005 U.S.C.C.A.N. 4, 27; *see also see N.J. Carpenters Vacation Fund v. Harborview Mortg. Loan Trust 2006-4*, 581 F. Supp. 2d 581, 587 (S.D.N.Y. 2008) (noting that "the intent of Congress [was] to include within the reach of CAFA *all* securities class actions" subject to narrow exceptions) (emphasis added).

14. An action may be removed under CAFA "without regard to whether any defendant is a citizen of the State in which the action is brought . . . [and] such action may be removed by any defendant without the consent of all defendants." 28 U.S.C. § 1453(b).

15. This Action fits squarely within the scope of federal jurisdiction conferred by CAFA and properly may be removed thereunder.

    A.    **Class Action**

16. CAFA defines a "class action" as "any civil action filed under . . . [a] State statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action." 28 U.S.C. § 1332(d)(1)(B).

17. This Action was originally brought in the Supreme Court of the State of New York, County of New York, purportedly pursuant to Article 9 of the New York Civil Practice Law and Rules (the "CPLR"). (Compl. ¶ 93.) Article 9 of the CPLR authorizes "[o]ne or more members of a class [to] sue or be sued as representative parties on behalf of all" members of a class if certain requirements are met. CPLR § 901. This

Action therefore qualifies as a putative "class action" within the meaning of 28 U.S.C. § 1332(d)(1)(B).[3]

### B.   Number of Proposed Class Members

18.   CAFA requires that "the number of members of all proposed plaintiff classes in the aggregate" must be 100 or more. *Id.* § 1332(d)(5)(B).

19.   The Complaint defines the putative class as:

all persons or entities who purchased (i) Sino-Forest's common stock during the Class Period [*i.e.*, March 19, 2007 through August 26, 2011] on the OTC market who were damaged thereby; and (ii) all persons or entities who, during the Class Period, purchased Debt Securities issued by Sino-Forest other than in Canada and who were damaged thereby. (Compl. ¶ 93.)

20.   The Complaint alleges that "there are many thousands of class members." (*Id.* ¶ 95); *see Mattera v. Clear Channel Commc'ns, Inc.*, 239 F.R.D. 70, 78 (S.D.N.Y. 2006) (finding that the requisite number of putative class members existed where plaintiff "estimate[d] that there are approximately 300 putative class members").

### C.   Amount in Controversy

21.   CAFA requires that the amount in controversy exceed $5,000,000, exclusive of interest and costs. 28 U.S.C. § 1332(d)(2). In determining the amount in controversy, "the claims of the individual class members shall be aggregated." *Id.* § 1332(d)(6).

22.   Although the Removing Defendants dispute that Plaintiffs have been injured or are entitled to compensatory or punitive damages, the amount in controversy in this Action exceeds $5,000,000, exclusive of interest and costs, because Plaintiffs seek compensatory and punitive damages in connection with the purchase and sale of millions

---

[3]   The Removing Defendants dispute that this Action may be properly certified as a class action under state or federal law and expressly reserve all rights and defenses with respect to class certification.

of dollars of common stock and debt securities of Sino-Forest, including an offering of $600 million in 2017 Notes. (*See* Compl. ¶ 40.) With respect to the sale of $600 million in 2017 Notes in particular, Plaintiffs allege that "Sino-Forest unjustly received money from the purchasers of [the 2017 Notes] and it would be unjust to allow Sino-Forest to keep this improperly earned money and should be required to repay it." (*Id.* ¶ 117.) Given the relief sought by Plaintiffs, this Action satisfies CAFA's requirement that the amount in controversy exceed $5,000,000.

### D. Minimal Diversity

23. CAFA's minimal diversity requirement is satisfied where "any member of a class of plaintiffs is a citizen of a State different from any defendant; any member of a class of plaintiffs is a foreign state or a citizen or subject of a foreign state and any defendant is a citizen of a State; or any member of a class of plaintiffs is a citizen of a State and any defendant is a foreign state or a citizen or subject of a foreign state." 28 U.S.C. § 1332(d)(2)(A)-(C). For purposes of determining diversity, a corporation is "deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." *Id.* § 1332(c)(1). The citizenship of an unincorporated association, including a limited liability company, is defined as "the State where it has its principal place of business and the State under whose laws it is organized." *Id.* § 1332(d)(10). The citizenship of an individual is the state in which he is domiciled. *Linardos v. Fortuna*, 157 F.3d 945, 948 (2d Cir. 1998).

24. The citizenship of Plaintiffs is as follows:

6

  a. The Complaint alleges that David Leapard is a resident of South Carolina. (Compl. ¶ 12.)

  b. The Complaint alleges that IMF Finance SA has an office in the British Virgin Islands *(id.* ¶ 13), and the website of IMF Finance SA indicates that it is located in Cyprus.[4]

25. The citizenship of Defendants is as follows:

  a. Merrill Lynch, Pierce, Fenner & Smith Incorporated, successor by merger to Banc of America Securities LLC, is a Delaware corporation with its principal place of business in New York.

  b. Credit Suisse Securities (USA) LLC is a Delaware limited liability company with its principal place of business in New York.

  c. The Complaint alleges that "[a]t all material times, Sino-Forest had its registered office located in Mississauga, Ontario," Canada. (*Id.* ¶ 14.)

  d. The Complaint alleges that Ernst & Young Global Limited is a United Kingdom private company. (*Id.* ¶ 26.)

  e. The Complaint alleges that Ernst & Young LLP "has offices in Toronto, Canada." (*Id.* ¶ 26.)

  f. The Complaint alleges that Allen T.Y. Chan "is a resident of Hong Kong and, on information or belief, is a citizen of the PRC." (*Id.* ¶ 16.)

  g. The Complaint alleges that David J. Horsley "resides in Ontario," Canada. (*Id.* ¶ 19.)

---

[4] A printout of the relevant page from IMF Finance SA's website (http://imffinance.com) is attached as Exhibit C.

h.  The Complaint alleges that Kai Kit Poon "resides in Hong Kong and, upon information or belief, is a citizen of the PRC." (*Id.* ¶ 21.)

26.  This Action satisfies CAFA's minimal diversity requirement because Plaintiff David Leapard is "is a citizen of a State [*i.e.*, South Carolina] different from any defendant." 28 U.S.C. § 1332(d)(2)(A).[5]

## II.  Exceptions To Removal Under CAFA Do Not Apply

27.  CAFA provides certain limited exceptions to federal jurisdiction. *See id.* §§ 1332(d)(4), (5), (9); *see also N.J. Carpenters Vacation Fund*, 581 F. Supp. 2d at 587 ("CAFA's sole limitations are those exclusively listed in the defined exceptions such as Home State, Local Controversies, and the three securities and corporate governance exceptions."). The party opposing removal bears the burden of proving that the action falls within the scope of one of those exceptions. *Puglisi v. Citigroup Alternative Invs.*, No. 08-CV-9774, 2009 WL 1515071, at *1 (S.D.N.Y. May 29, 2009) (citing *N.J. Carpenters Vacation Fund*, 581 F. Supp. 2d at 588); *Brook v. UnitedHealth Group Inc.*, No. 06 CV 12954 (GBD), 2007 WL 2827808, at *3 (S.D.N.Y. Sept. 27, 2007). "Consistent with Congress's aim to interpret CAFA broadly, as reflected in the legislative history, all of CAFA's exceptions are to be interpreted narrowly." *N.J. Carpenters Vacation Fund*, 581 F. Supp. 2d at 588.

28.  The Removing Defendants, without conceding that they have the burden of proof with respect to the exceptions under CAFA, assert that this Action does not fall within the scope of any of CAFA's limited exceptions to removal. Specifically, this

---

[5]  Minimal diversity also exists between Plaintiff IMF Finance SA, which is a citizen of a foreign state, and Defendants Banc of America Securities LLC and Credit Suisse Securities (USA) LLC, which are citizens of Delaware and New York. *See* 28 U.S.C. § 1332(d)(2)(B). Furthermore, Plaintiff David Leapard "is a citizen of a State" and Defendants Sino-Forest, Ernst & Young Global Limited, and the individual defendants are citizens of foreign states. *See id.* § 1332(d)(2)(C).

Action does not constitute a "local controversy" or "home-state controversy" within the meaning of 28 U.S.C. § 1332(d)(4)(A)-(B).[6] Nor are the primary defendants in this Action "States, State officials, or other governmental entities against whom the district court may be foreclosed from ordering relief." *Id.* § 1332(d)(5). Furthermore, this Action (a) does not concern a "covered security";[7] (b) asserts disclosure-based common law claims distinct from the internal affairs or governance of a corporation or other form of business enterprise; and (c) does not relate to the rights, duties (including fiduciary duties) and obligations relating to or created by or pursuant to a security. *See id.* § 1332(d)(9); *see Estate of Pew v. Cardarelli*, 527 F.3d 25, 33 (2d Cir. 2008) (holding that CAFA's "securities exception" applies "only to suits that seek to enforce the terms of instruments that create and define securities, and to duties imposed on persons who administer securities" and not to actions alleging fraud in connection with the sale of securities).

29.   This Action therefore does not fall within any of CAFA's exceptions.

---

[6] Under the "local controversy" exception "[a] district court shall decline to exercise jurisdiction . . . over a class action in which (i) greater than two-thirds of the members of all proposed plaintiff classes in the aggregate are citizens of the State in which the action was originally filed; (ii) at least 1 defendant is a defendant from whom significant relief is sought by members of the plaintiff class, whose alleged conduct forms a significant basis for the claims asserted by the proposed plaintiff class, and who is a citizen of the State in which the action was originally filed; (iii) the principal injuries resulting from the alleged conduct or any related conduct of each defendant were incurred in the State in which the action was originally filed; and during the 3-year period preceding the filing of that class action, no other class action has been filed asserting the same or similar factual allegations against any of the defendants on behalf of the same or other persons." 28 U.S.C. § 1332(d)(4)(A) (internal numbering altered). The "home-state controversy" provides that "[a] district court shall decline to exercise jurisdiction . . . over a class action in which two-thirds or more of the members of all proposed plaintiff classes in the aggregate, and the primary defendants, are citizens of the State in which the action was originally filed." *Id.* § 1332(d)(4)(B); *UnitedHealth Group Inc.*, 2007 WL 2827808, at *3.

[7] To the extent that the Action is deemed to concern a "covered security" under 28 U.S.C. § 1332(d)(9), the Action is removable to this Court under the Securities Litigation Uniform Standards Act of 1998 ("SLUSA"), Pub. L. No. 105-353, 112 Stat. 3227 (1998) (codified in relevant part at 15 U.S.C. §§ 77p(c) & 78bb(f)(2)), and consequently precluded by 15 U.S.C. §§ 77p(b) and 78bb(f)(1), which bar actions based on state law brought on behalf of more than 50 persons alleging either misrepresentation or omission of a material fact or the use of a manipulative device in connection with the purchase or sale of a security.

9

## CONCLUSION

30. Because this action is a putative class action with more than 100 putative class members, the amount in controversy exceeds $5,000,000, and minimal diversity exists, this Court has original jurisdiction under 28 U.S.C. § 1332(d) and removal is proper under 28 U.S.C. § 1453(b).

31. Promptly upon the filing of this Notice of Removal, a true copy of this Notice of Removal will be provided to all adverse parties pursuant to 28 U.S.C. § 1446(d).

32. Concurrently with the filing of this Notice of Removal, the Removing Defendants are filing a Notice of Filing of Notice of Removal with the clerk of the Supreme Court of the State of New York, County of New York, in accordance with 28 U.S.C. § 1446(d).

Dated this 8th day of March 2012.

Respectfully submitted,

_____
Adam S. Hakki
Jaculin Aaron
Brian G. Burke
SHEARMAN & STERLING LLP
599 Lexington Avenue
New York, NY 10022
Tel: (212) 848-4000
Fax: (212) 848-7179
ahakki@shearman.com
jaaron@shearman.com
brian.burke@shearman.com

*Attorneys for Defendants Credit Suisse Securities (USA) LLC and Merrill Lynch, Pierce, Fenner & Smith Incorporated, as successor by merger to Banc of America Securities LLC*

*Grant J. Esposito* / w/ permission
BB
Grant J. Esposito
Dennis P. Orr
MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, NY, 10104
Tel: (212) 468-8166
Fax: (212) 468-7900
gesposito@mofo.com

*Attorneys for Defendant Ernst & Young LLP*